ROBINSON v. BROWER.

(Supreme Court, General Term, Fifth Department. June 20, 1890.)

MORTGAGES—FORECLOSURE—PARTIES.

Where a mortgage, given to secure six annual installments of purchase money for a farm, contains a power of sale by the mortgagee, his executors, etc., and also a clause to the effect that "all unpaid balance to fall due, one-half in one year, and one-half in two years, after the death" of the mortgagee, should be payable, the first to his son, and the other to a person named therein, and it appears that all the

installments secured had fallen due prior to his death, neither the persons named in such clause nor their personal representatives have any interest in the mortgage; and an action for the foreclosure thereof can only be brought in the name of the executor or administrator of the deceased mortgagee.

Appeal from special term, Monroe county.

Action by William Robinson, executor, etc., against Dewitt C. Brower, to foreclose a mortgage. Judgment entered on the findings of the court foreclosing the mortgage. Defendant appeals.

*W. A. Sutherland,* for appellant. *J. M. Dinninny,* for respondent.

DWIGHT, P. J. The action was for the foreclosure of a mortgage executed in 1871 by the defendant and his wife, Catherine E. Brower, to the plaintiff's testator, Aaron Robinson, to secure a portion of the purchase money of a farm conveyed by the latter to the parties first mentioned, of whom Mrs. Brower was his daughter. It was conditioned for the payment of the sum secured, in six equal annual installments, the first of which was to fall due in six years from date. It was in the usual form, including a power of sale to the mortgagee, his executors, administrators, and assigns, with the addition of the following clause: "But it is understood that, in case said Aaron Robinson should die, all unpaid balance of said amount to fall due, one-half in one year, and the other half in two years, from the death of the said Aaron Robinson, whatsoever written to the contrary notwithstanding, and the half first paid, as last mentioned, to be paid to Willard Robinson, son of said Aaron Robinson, and the balance to the said Catherine E. Brower." Aaron Robinson, the mortgagee, died in 1889, nearly seven years after the last payment on the mortgage became due, and three years after the death of Mrs. Brower. The only objections to the judgment are that the plaintiff, under the clause of the mortgage above quoted, had no interest in or right of action upon the mortgage, but that, the mortgagee having died, the money remaining unpaid on the mortgage became payable to the son, Willard, and the executor of the deceased daughter, Mrs. Brower, and that they were the proper parties to maintain the action. There seem to be two quite conclusive answers to these propositions. The first is that they involve a manifestly erroneous construction of the clause in question. Its true construction apparently is that the death of the mortgagee, upon which event the falling due of any unpaid balance of the amount secured by the mortgage should depend, must be at a time when some such balance had not yet fallen due according to the condition of the mortgage itself. The second answer is that, even if the construction contended for were correct, an action for the foreclosure of the mortgage could only be maintained by the plaintiff as executor of the mortgagee. The mortgage had never been assigned; it was the property of the mortgagee at the time of his death, and passed to his personal representative; to whom, also, in that event the power of sale was given by the terms of the mortgage; and he would be held to account to whatever parties might be entitled to the proceeds of the foreclosure. In that case, moreover, it seems quite clear that no part of those proceeds would be payable to the executor of Mrs. Brower, who had died before the event upon which, under the clause in question, a share of the money secured by the mortgage could in any case have been payable to her. The findings and judgment of the court at special term were in accordance with these views, and the judgment must be affirmed. Judgment appealed from affirmed, with costs. All concur.